JERRY GRIFFEN,

        Petitioner,

v.                                   Case No:  6:17-cv-458-Orl-28DCI

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

        Respondents.
_____/

## ORDER

THIS CAUSE is before the Court on a Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Jerry Griffen ("Petitioner" or "Griffen"), a prisoner of the Florida Department of Corrections (Doc. 1, filed March 28, 2016). In compliance with this Court's Order (Doc. 4), Respondents filed a Response to the Petition (Doc. 7). Griffen filed a Reply (Doc. 13), and the Petition is ripe for review. For the reasons set forth below, each of Griffen's claims will be denied.

### I.      Background and Procedural History[1]

On October 8, 2007, the State of Florida charged Griffen by information with robbery by force, violence, assault or putting in fear, in violation of Florida Statute §§

---

[1] Unless otherwise indicated, citations to exhibits or appendices are to those filed by Respondents on May 22, 2017 (Doc. 8). Citations to the trial transcript, located in Exhibits A-2 and A-4, will be cited as (T. at __).

812.13(2)(a) and 775.087(2) (count one); kidnaping with intent to commit a felony, in violation of Florida Statute §§ 787.01(1)(a)(2), 775.087(1) and 775.087(2) (count two); grand theft of an automobile, in violation of Florida Statute § 812.014(2)(c)(6) (count three); and possession of cocaine, in violation of Florida Statute § 893.13(6)(a) (count four) (Ex. A-1 at 78-80). Petitioner and two co-defendants were accused of following victim Edward McAdams ("McAdams") into a restroom at the Central Florida Fairgrounds, beating him with a gun, and stealing McAdams' truck and gun collection (Ex. A-1 at 6-8). McAdams, a gun vendor, had a booth at a gun show at the fairgrounds (Ex. A-1 at 6).

On October 9, 2007, a jury convicted Griffen of robbery with a firearm, kidnaping, and aggravated battery with a firearm (Ex. A-1 at 85-92). The trial court sentenced Griffen to a total of thirty years in prison (*Id.* at 117-23). Florida's Fifth District Court of Appeal ("Fifth DCA") affirmed Griffen's convictions and sentences on February 3, 2009 (Ex. E); *Griffen v. State*, 1 So. 3d 190 (Fla. 5th DCA 2009).

On April 24, 2009, Griffen filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure; thereafter, he filed several supplemental and amended motions (collectively, "Rule 3.850 Motion") (Ex. G at 53, 70, 191, 324, 362, 556). After holding an evidentiary hearing, the post-conviction court denied relief on all claims (*Id.* at 641, 587). Florida's Fifth DCA affirmed (Ex. K); *Griffen v. State*, 186 So. 3d 1040 (Fla. 5th DCA 2016).

Griffen signed the instant petition on March 7, 2017 (Doc. 1).

## II.     Legal Standards

### A.     The Antiterrorism Effective Death Penalty Act (AEDPA)

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issued its decision. *White*, 134 S. Ct. at 1702; *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Even if there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). The petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)).

A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits—warranting deference. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). Generally, in the case of a silent affirmance, a federal habeas court will "look through" the unreasoned opinion and presume that the affirmance rests upon the specific reasons given by the last court to provide a reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991); *Wilson v. Sellers*, 138 S. Ct. 1188 (2018). However, the presumption that the appellate court relied on the same reasoning as the lower court can be rebutted "by evidence of, for instance, an alternative ground that was argued [by the state] or that is clear in the record" showing an alternative likely basis for the silent affirmance. *Wilson*, 138 S. Ct. at 1196.

Finally, when reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.").

## B.  Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.* This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Indeed, the petitioner must "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying

a "highly deferential" level of judicial scrutiny. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690).

Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### III.  Analysis

Griffen raises seven grounds for relief in his petition. He claims that: (1) newly discovered evidence proves that he is actually innocent of the charges against him (Doc. 1 at 6). He also claims that trial counsel Stephen Plotnick ("Counsel") was constitutionally ineffective for failing to: (2) object to the prosecution's closing argument; (3) object to the trial court's instruction for the jury to rely on their collective memories; (4) adequately set forth the grounds for his motion for judgment of acquittal; (5) file a pre-trial motion to dismiss the charges against him; (6) investigate, interview, and call Damon Hollis to testify at trial; and (7) properly investigate the pre-trial discovery and file a motion to publish Griffen's entire police interview to the jury (*Id.* at 6-17).

Each ground will be addressed separately.

### a.  Ground One

Griffen contends that newly discovered evidence proves he is actually innocent of the crimes for which he was convicted (Doc. 1 at 6). Specifically, Griffen asserts that, after

his conviction, co-defendant Darius Bartee (who was charged as a juvenile) submitted an affidavit stating that he and Cedric Garrett (who is now deceased) were the actual robbers and that Griffen merely gave them a ride to the Central Florida Fairground where the robbery occurred (*Id.*).

Griffen raised this claim in his Rule 3.850 Motion, and after holding an evidentiary hearing, the post-conviction court denied it:

> The Court finds this alleged newly discovered evidence suffers from an inherent lack of credibility. Bartee is a two-time convicted felon who admitted he lied two times during the juvenile proceeding based on the same offenses and back-pedaled when he originally stated he had known Defendant for a long time but then indicated he only knew him from the neighborhood and they were not really friends. Furthermore, Bartee's testimony that only two people participated in the robbery contradicted Defendant's trial testimony that he drove Bartee and two other males, whom he did know "by face" to the fairgrounds. The Court had the opportunity to observe Bartee as he testified on the stand and has also taken into consideration certain intangible observations regarding Bartee's voice, demeanor, frankness, and body language which were exhibited during his testimony, and finds he is not credible.

(Ex. G at 603) (internal citations to the record omitted). Florida's Fifth DCA affirmed without a written opinion (Ex. J). A review of the record supports the state courts' conclusion that Griffen is not entitled to federal habeas relief on this claim.

First, "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Herrera v. Collins*, 506 U.S. 390, 398 (1993). Rather, a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered

on the merits." *Herrera*, 506 U.S. at 404. Griffen does not raise an independent constitutional claim in Ground One. Accordingly, he has not presented a claim that is cognizable on federal habeas review.

Next, even assuming *arguendo* that Griffen presents a cognizable actual innocence claim, the Fifth DCA's rejection was not contrary to or based upon an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). The post-conviction court cited no federal law in its decision, and Griffen has not directed this Court to any clearly established federal law suggesting that a co-defendant's after-the-fact exculpatory statement automatically entitles a habeas petitioner to relief. Moreover, the state courts discounted Bartee's affidavit after finding his credibility to be questionable at the evidentiary hearing. This is a finding of fact that Griffen must rebut by clear and convincing evidence. *See Freund v. Butterworth*, 165 F.3d 839, 862 (11th Cir. 1999) (questions of credibility and demeanor of a witness are questions of fact); 28 U.S.C. § 2254(e)(1) (a determination of a factual issue made by a State court shall be presumed correct unless rebutted by clear and convincing evidence); *Gore v. Sec'y, Dep't of Corr.*, 492 F.3d 1273, 1300 (11th Cir. 2007) (recognizing that a reviewing court's deference to credibility determinations is heightened on habeas review).

Griffen offers nothing to rebut the post-conviction court's factual determination that Bartee's affidavit and testimony were not credible. To the contrary, this Court finds that the state court's conclusion was reasonable. At the evidentiary hearing on this claim, Bartee—a twice convicted felon—vacillated on how long he had known Griffen (Ex. G at 644-45, 652) and admitted that he lied under oath at his own trial and sentencing

8

proceeding (*Id.* at 659-60, 663). Moreover, Bartee testified that Cedric Garret, the person now blamed as having actually acted in concert with him to commit the robbery (and who was never charged) was now dead (*Id.* at 646). Finally, Griffen's own trial testimony contradicted Bartee's statement.[2] Griffen testified at trial that he drove four people (including himself) to the fairgrounds where the robbery occurred, whereas Bartee said that there were only three people in the car (T. at 95). The state court's conclusion that Bartee was not credible was not so "lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. Ground One is denied. 28 U.S.C. § 2254(d).

### b. Ground Two

Griffen asserts that Counsel was ineffective for failing to object to the prosecutor's closing arguments (Doc. 1 at 8-9). He claims that the prosecutor "made several comments about facts that were not admitted into evidence and comments that inappropriately bolstered the credibility of the witness" (*Id.*). Griffen raised this claim in his Rule 3.850 Motion, and the post-conviction court denied it *inter alia* on the ground that any objection would have been improper because "the prosecutor neither misstated nor misled the jury concerning the applicable law and the facts of the case; instead he essentially informed the jury the State had the burden of proving the elements of each charge and highlighted

---

[2] Likewise, Petitioner's argument in Ground Six also contradicts this claim in that Petitioner blames Darius Bartee and Damon Hollis, not Cedric Garret, as having committed the robbery (Doc. 1 at 15-16).

the irreconcilable differences between the State and the defense" (Ex. G at 589-90). Florida's Fifth DCA affirmed (Ex. J).

Griffen urges that the prosecutor improperly "bolstered the credibility of his witness" by stating that "I would submit to you his testimony was extremely credible." (Doc. 1 at 8). Griffen appears to refer to the prosecutor's summation of the victim's testimony and his argument that the victim was likely to remember the details of the carjacking because it was extremely traumatic for him (T. at 164-65).[3] Griffen also complains that the prosecutor improperly argued that his (Griffen's) testimony "bordered on the incredible" (Doc. 1 at 9; T. at 165). These comments were not objectionable. Under Florida law, a prosecutor is allowed "to argue credibility of witnesses or any other relevant issue so long as the argument is based on the evidence." *Miller v. State*, 926 So. 2d 1243, 1255 (Fla. 2006); *see also Craig v. State*, 510 So.2d 857, 865 (Fla. 1987) ("When counsel refers to a witness or a defendant as being a 'liar,' and it is understood from the context that the charge is made with reference to testimony given by the person thus characterized, the prosecutor is merely submitting to the jury a conclusion that he is arguing can be drawn from the evidence. It was for the jury to decide what evidence and testimony was worthy of belief and the prosecutor was merely submitting his view of the evidence to them for consideration."). This is precisely what the prosecutor did in this case, and reasonable competent counsel could have decided against objecting to the prosecutor's statements regarding the credibility of the witnesses.

---

[3] Although Petitioner asserts otherwise (Doc. 1 at 8-9), the victim testified that he had never been robbed before (T. at 30).

Likewise, reasonable competent counsel could have concluded that the prosecutor's statements that: (1) Griffen's prints were on the car because he had driven it; (2) the gun found in Griffen's car belonged to Griffen; and (3) Griffen was a criminal were unobjectionable. In *Ruiz v. State*, the Florida Supreme Court stated that "the role of counsel in closing argument is to assist the jury in analyzing [the] evidence, not to obscure the jury's view with personal opinion, emotion, and nonrecord evidence[.]" 743 So. 2d 1, 4 (Fla. 1999). The *Ruiz* court explained that "[t]he assistance permitted includes counsel's right to state his contention as to the conclusions that the jury should draw from the evidence." *Id.* (citing *United States v. Morris*, 568 F.2d 396, 401 (5th Cir. 1978)). The Florida Supreme Court has further explained that "[t]he proper exercise of closing argument is to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence." *Robinson v. State*, 610 So.2d 1288, 1290 (Fla. 1992) (quoting *Bertolotti v. State*, 476 So.2d 130, 134 (Fla. 1985)). The statements that Griffen now complains about were merely the prosecutor's contention as to conclusions the jury could draw from the evidence. Counsel was not ineffective for failing to make a meritless objection. *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002).

Finally, the Court has reviewed the prosecutor's entire closing argument and concludes that the post-conviction court reasonably determined that nothing argued by the prosecution was so prejudicial that "a verdict of guilty could not have been obtained without the assistance of the alleged error." (Ex. G at 589) (*citing Boyd v. State*, 45 So. 3d

557, 560 (Fla. 4th DCA 2010)).[4] There is not a reasonable probability of a different verdict had Counsel objected to the prosecutor's comments. The state courts reasonably concluded that this claim fails to satisfy either *Strickland* prong, and Ground Two is denied. 28 U.S.C. § 2254(d).

### c.    Ground Three

Griffen asserts that Counsel was ineffective for failing to object to the trial court's instruction that the jury should rely on their collective recollections after they asked a question during deliberation (Doc. 1 at 10). Specifically, the jury sent a note to the judge during deliberations asking for details regarding certain locations discussed at trial (T. at 225). The Court read the jury's questions to Griffen:

> Here were the questions again. Again, reading these into the record, and Mr. Griffin is here, the jury has asked: Where is Radleigh Street? – there is a question mark – located in relation to the Palms and the westbound gate, question mark. Secondly, where is the lake? It says, where is lake and location to Radleigh Street? Maybe that's supposed to be in relation to Radleigh Street, question mark. Then it says: Rough sketch would be great and then map. Question mark.

---

[4] In his brief on direct appeal of the post-conviction court's denial of his Rule 3.850 Motion, Petitioner urged that the state court erred by considering whether fundamental error (instead of *Strickland* prejudice) resulted from Counsel's failure to object to the closing argument (Ex. H at 21-23). Indeed, because this claim was raised as one of ineffective assistance of counsel, the post-conviction court should have examined whether *Strickland* prejudice occurred. Nevertheless, while there are differences in the two standards, a finding that no fundamental error resulted precludes a finding of *Strickland* prejudice. *See State v. Spencer*, 216 So. 3d 481, 492 (Fla. 2017) (recognizing differences between the fundamental error standard and prejudice under *Strickland*, and concluding that "the fundamental error standard is no less exacting than the *Strickland* prejudice standard.").

(T. at 225). Both the prosecutor and Counsel agreed with the judge's decision to tell the jury that "we cannot give you new or additional information or evidence" and that the jury should rely on its "collective memory" as to its questions (*Id.* at 224, 226). Griffen raised this claim in his Rule 3.850 Motion, and the post-conviction court denied it on *Strickland*'s performance prong:

> It is clear the juror's inquiries were questions of fact, not law, and thus the Court and parties correctly concluded it would be improper to provide new or additional information concerning physical locations to them. Counsel cannot be deemed ineffective for failing to give the jury false information concerning a read-back and this claim is denied.

(Ex. G at 593) (citations omitted). Florida's Fifth DCA affirmed (Ex. J).

Griffen does not explain how the state courts' rejection of Ground Three was contrary to *Strickland* or based upon an unreasonable determination of the facts. The jury asked a question regarding the relative locations of several addresses and requested a sketch of the area surrounding the carjacking. Florida law is clear that a jury's question regarding an issue of fact does not give "rise to a duty to inform the jury that it may request a read-back of any relevant testimony." *Frasilus v. State*, 46 So. 3d 1028 (Fla. 5th DCA 2010).[5] *See also Coleman v. State*, 610 So.2d 1283, 1286 (Fla. 1992) (holding that a trial court need not answer questions of fact from a jury); *Byrd v. State*, 216 So. 3d 39, 42 n. 2 (Fla. 3d DCA 2017) (agreeing with *Frasilus* and holding that the Florida Rules of Criminal Procedure 3.410 "does not require, and should not be extended to require, the trial court

---

[5] In *Frasilus*, the jury had asked the court to tell them the date a photograph had been taken, and the trial judge instructed the jury that it would "have to use [its] best recollection of the evidence." *Id.* at 29.

to inform the jury that it may request a read-back of the testimony when the jury poses a fact question to the trial court.").

Reasonable competent counsel could have concluded that the jury's request for locations and a map was a fact question and that he had no grounds on which to object to the court's instruction. Moreover, even had Counsel objected, Griffen does not explain how a read-back of trial testimony regarding the relevant location of pertinent addresses would have changed the outcome of his trial. Griffen has demonstrated neither deficient performance nor resulting prejudice, and the state courts' rejection of Ground Three was neither contrary to *Strickland* nor based upon an unreasonable determination of the facts. Ground Three is denied. 28 U.S.C. § 2254(d).

### d.     Ground Four

Griffen asserts that Counsel made an inadequate motion for a judgment of acquittal (Doc. 1 at 12). He asserts that, at the close of the State's case, Counsel moved for a judgment of acquittal on all counts on the ground that McAdams was unable to identify Griffen in photographs soon after the robbery (*Id.*).[6]

Griffen raised this issue in his Rule 3.850 Motion where he urged that "had Counsel properly moved for judgment of acquittal and argued that the alleged victim failed to identify the Defendant prior to his in-court identification, this Honorable Court

---

[6] The victim positively identified Petitioner at trial and testified that he identified Petitioner in police photo-arrays shortly after he was attacked (T. at 10, 76-77). However, Detective Stanaland testified that Petitioner did not identify Petitioner from the photo-arrays provided to him shortly after the robbery, although the victim tentatively identified two other attackers (*Id.* at 67-68).

would have granted the motion and discharged the Defendant from all custody" (Ex. G at 334). He also argued in the Rule 3.850 Motion that, contrary to testimony from Detective Stanaland, McAdams testified at trial that he did, in fact, identify Griffen in a photographic array (*Id.*). The post-conviction court denied the claim on the basis that Griffen "offers no factual basis for this claim other than the inconsistent trial testimony from McAdams and Stanaland concerning McAdams' ability to identify [Griffen] prior to trial." (*Id.* at 593). The Court also noted that a "judgment of acquittal is not warranted simply because the evidence is contradictory" and that "even if counsel had argued as [Griffen] claims he should have, the motions would have been denied." (*Id.*). Florida's Fifth DCA affirmed. (Ex. J).

It is unclear what Griffen believes Counsel should have done differently when he made his motion for a judgment of acquittal. Counsel argued to the court that McAdams had not positively identified Griffen before trial,[7] which is precisely the argument Griffen now urges he should have made. To the extent Griffen believes that conflicting testimony from McAdams and Detective Stanaland merited a judgment of acquittal, he is wrong. Under Florida law, a motion for a judgment of acquittal is designed to challenge the legal

---

[7] Counsel argued:

> Mr. Griffen –[the victim] says that he recognized Mr. Griffen; however, the detective said he showed him the photograph and that's – photographs – two different detectives showed him photographs two different times: Once the day of the incident, or the very next day, and then a week later, and he was not able to identify anybody.

(T. at 62).

sufficiency of the state's evidence. *State v. Williams*, 742 So. 2d 509, 510 (Fla. 1st DCA 1999). In moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the state that the fact-finder might fairly infer from the evidence. *Williams*, 742 So.2d at 510 (citing *Lynch v. State*, 293 So.2d 44, 45 (Fla. 1974)). If the state presents competent evidence to establish each element of the crime, a motion for a judgment of acquittal should be denied. *Id.* at 510. In addition, "[t]he credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal." *Lynch*, 293 So. 2d at 45. In other words, a trial court may not grant the motion for a judgment of acquittal unless the evidence, when viewed in a light most favorable to the state, fails to establish a prima facie case of guilt. *Id.*

In the instant case, there was conflicting testimony as to whether McAdams had identified Griffen as one of his attackers prior to trial. Where there is contradictory testimony on a critical issue, "the weight of the evidence and the witnesses' credibility are questions solely for the jury," and "the force of such conflicting testimony should not be determined on a motion for judgment of acquittal." *State v. Shearod*, 992 So. 2d 900, 903 (Fla. 2d DCA 2008) (quoting *Fitzpatrick v. State*, 900 So. 2d 495, 508 (Fla. 2005)). Counsel had no grounds to make a "better" motion for judgment of acquittal. Moreover, because a motion for judgment of acquittal would have been denied even had Counsel presented a more strenuous argument regarding the conflicting testimony, Griffen has not demonstrated *Strickland* prejudice. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (failure to raise meritless issues cannot prejudice a client).

16

The state court's rejection of Ground Four was neither contrary to *Strickland* nor based upon an unreasonable determination of the facts. Ground Four is denied. 28 U.S.C. § 2254(d).

### e.    Ground Five

Griffen asserts that Counsel was ineffective for failing to file a pre-trial motion to dismiss (Doc. 1 at 14). He asserts that that McAdams was unable to identify Griffen in a photo-array soon after the robbery and that "[t]here was no other evidence linking the petitioner to the offense." (*Id.*). Griffen raised this issue in his Rule 3.850 Motion, and the post-conviction court denied the claim on the ground that Griffen's identity as one of the robbers "was a material disputed fact and Rule 3.190 does not apply." (Ex. G at 595). Florida's Fifth DCA affirmed (Ex. J).

A defendant may file a pretrial motion to dismiss the information against him when "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." Fla. R. Cr. P. 3.190(c)(4). However, a motion to dismiss under Rule 3.190(c)(4) must be denied by the trial court if the State files a traverse that "with specificity" denies under oath a material fact alleged in the motion. *See* Fla. R. Civ. P. 3.190(d); *Boler v. State*, 678 So.2d 319 (Fla. 1996). Therefore, if Counsel had filed a pre-trial motion to dismiss the case on the basis that McAdams did not make a positive identification, the state would have been allowed to file a traverse "specifically denying any critical material facts alleged in the motion to dismiss, or asserting additional material facts that establish a prima facie case." *State v. Taylor*, 16 So. 3d 997, 999 (Fla. 5th DCA 2009).

In Detective Stanaland's arrest affidavit, he stated that he believed probable cause existed to charge Griffen with armed carjacking based on: Griffen's spontaneous statements to police that he had only driven the robbers to the fairground (after which the robbers told him they did a "lick"—street slang for robbery); the discovery of a discarded handgun along the track to Griffen's location after he fled from police; a handgun found in Griffen's car; Griffen's admission that he assisted with the removal of McAdams' property and placed it in his car with knowledge that a robbery had been committed; and Griffen's knowing departure from the scene of the robbery with one of the robbers in his car for the purpose of getting rid of McAdams' property (Ex. G at 21-23). In addition, Griffen's driver's license was found in the vehicle, along with McAdams' property (*Id.*). Given the existence of evidence showing Griffen's involvement in the armed robbery, the state would have been able to assert additional material facts establishing a prima facie case against Griffen, and the trial court would have been precluded from granting a Rule 3.190(c)(4) motion to dismiss. Counsel was not required to make a motion certain to be denied. *Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990). Because a motion for judgment of acquittal would have been denied, Griffen has not demonstrated *Strickland* prejudice. *Winfield*, 960 F.2d at 974.

The state court's rejection of Ground Five was neither contrary to *Strickland* nor based upon an unreasonable determination of the facts. Ground Five is denied. 28 U.S.C. § 2254(d).

### f.     Ground Six

Griffen contends that Counsel was ineffective for failing to call co-defendant Damon Hollis as a witness at his trial (Doc. 1 at 15).[8]   He asserts that Hollis would have testified that Griffen did not play a role in the robbery (*Id.* at 15-16).  Griffen raised this claim in his Rule 3.850 Motion, and the post-conviction court rejected it as conclusory (Ex. G at 603-05).  The post-conviction court also determined that any testimony from Hollis would have been cumulative to that already offered at trial and would have contradicted Griffen's testimony that: (1) he drove three other people to the fairground; (2) Bartee was the only person he knew of the three; and (3) he did not know the names of the other two people in the car (*Id.*). Florida's Fifth DCA affirmed (Ex. J).

This claim fails to satisfy *Strickland*'s prejudice prong.  At best, Griffen speculates that Hollis would have testified as he now asserts and that his testimony would have resulted in an acquittal.   However, he has not provided evidence to support his assertions. Specifically, he has not produced a sworn statement of the witnesses' putative testimony. Consequently, the claim is too speculative to warrant relief. *See Johnson v. Alabama,* 256 F.3d 1156, 1187 (11th Cir. 2001) ("Johnson offers only speculation that the missing witnesses would have been helpful. This kind of speculation is 'insufficient to carry the burden of a habeas corpus petitioner.'") (quoting *Aldrich v. Wainwright,* 777 F.2d 630, 636 (11th Cir. 1985)); *see also United States v. Ashimi,* 932 F.2d 643, 650 (7th Cir. 1991)

---

[8] In his Rule 3.850 Motion, Petitioner asserted that Hollis was one of the robbers (Ex. G at 340). This contradicts both Petitioner's in-court testimony and Bartee's affidavit. *See* discussion *supra* Ground One.

("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony or by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.").[9] Moreover, as noted by the post-conviction court, Hollis' proposed testimony would not have been helpful because it contradicted Griffen's own trial testimony.

Because Griffen has not demonstrated *Strickland* prejudice, the state court reasonably denied Ground Six, and the claim is denied. 28 U.S.C. § 2254(d).

### g.    Ground Seven

Griffen asserts that Counsel was ineffective for failing to object to the state's use of his statement to the police that was not published in its entirety (Doc. 1 at 17). Specifically, Griffen complains that Counsel failed to review the discovery prior to trial, and as a result, he did not realize that Griffen's statement to law enforcement was recorded until the middle of trial (*Id.*). Therefore, Counsel was unable to file a motion in limine to publish the entire statement (*Id.*).

Although similarly titled, this is not the same claim raised in Griffen's Rule 3.850 Motion. In his Rule 3.850 Motion, Griffen urged that "[w]hen the State sought to

---

[9] To the extent Petitioner now urges that it was Counsel's job to investigate and find the evidence that is now missing, he misunderstands his burden on federal habeas corpus review. In a § 2254 petition, the burden of proof is on the habeas petitioner "to establish his right to habeas relief and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) (citation omitted); *see also Smith v. Wainwright*, 777 F.2d 609, 616 (11th Cir. 1985) (a general allegation of ineffective assistance of counsel is insufficient; a petition must allege specific errors in counsel's performance and <u>facts</u> showing prejudice).

introduce the redacted version of the Defendant's interview with police detectives, Counsel should have objected under the Rule of Completeness." (Ex. G at 342). The post-conviction court denied the claim on the ground that Counsel had argued to the trial court that the entire interview transcript should be played to the jury under the rule of completeness (*Id.* at 599). The post-conviction court also pointed out that, after Griffen's conviction, Counsel moved for a new trial, again arguing that Griffen was severely prejudiced when his request to publish the entire statement was denied (*Id.*). Moreover, Griffen had unsuccessfully appealed the issue of the trial court's decision not to play the entire interview (*Id.*).

Griffen's instant argument that Counsel should have discovered the missing transcripts and filed a pretrial motion in limine is equally unavailing.[10] Although Griffen urges that Counsel's performance was deficient because of his failure to "go through the petitioner's discovery prior to trial," the record is clear that Counsel did not possess the recording prior to trial. In fact, both the prosecutor and Counsel were unaware that the interview had been recorded until the middle of Griffen's trial. It was only when Counsel cross-examined Detective Stanaland that it was discovered the detective had an audio disk of his interview with Griffen (T. at 50). The next morning, Counsel moved the trial court for a hearing on the issue, explaining that "[j]ust this morning the State has provided me with a notice of provision of supplemental discovery. You may recall

---

[10] This claim is also unexhausted because it was never raised in state court. However, Respondents do not argue exhaustion, and "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

yesterday on the stand Stanaland mentioned there was, in fact, a tape made of the defendant's statement. . . . I was given a transcript of that this morning and also a CD of it." (*Id.* at 53). The prosecutor told the court that there was no mention of an audio recording in the discovery that he received from the police and subsequently sent to Counsel (*Id.*). Detective Stanaland was called to the stand, and he explained that, although he had initially prepared an arrest warrant with "a complete package to send to the state attorney which included the original officer's report, my supplement, [and] a copy of the disk of the interview," confusion regarding the spelling of Griffen's last name resulted in duplicate charges, and Detective Stanaland had his warrant set aside (*Id.* at 56-57). For some reason, the audio recording was never transferred to the active warrant and was not provided to the state until the middle of trial (*Id.*).

Because the discovery provided to Counsel by the state did not contain the audio recording, Counsel's performance was not deficient for failing to find the recording and file a motion in limine to publish the entire statement. Moreover, Counsel actually made the request that Griffen now faults him for failing to make (albeit not pre-trial), and it was denied (T. at 77). The court told Counsel, "you simply can't put into evidence and play a tape of something that basically will be your client's story." (*Id.*). However, the court overruled the state's hearsay objection to Counsel asking questions about the interview, noting:

> I think there is some issue of fundamental fairness that should allow counsel to allow him to get – well, if he didn't have it, he has it now. I'll overrule your objection. I'm simply not going to allow you to play the transcript, but you can question him about what your client said as opposed to admissions he

> may have made over virtually any portion of the transcript. So this, again, is over State's objection.
>
> . . .
>
> The legal basis is counsel did not have this transcript until a few moments ago. He did not have it during the direct and his prior cross-examination of the detective. He did not have the opportunity to formulate questioning which might have brought this out or which might have put him in a position to get this into evidence.

(*Id.* at 78-79). Because the state court has already said what would have happened if Counsel had filed a motion in limine to play the entire audio recording of the police interview (the request would have been denied),[11] and because Counsel was not precluded from questioning Detective Stanaland about any aspect of the interview, Griffen cannot demonstrate *Strickland* prejudice from Counsel's failure to discover the recording before trial. Griffen satisfies neither *Strickland* prong, and he is not entitled to habeas relief.

Any of Griffen's allegations not specifically addressed herein have been found to be without merit. Because the petition is resolved on the record, an evidentiary hearing is not warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

---

[11] Petitioner also raised this issue on direct appeal where it was rejected by Florida's Fifth DCA (Ex. B; Ex. E). For this Court to now find *Strickland* prejudice, it would have to first conclude that the appellate court misinterpreted or misapplied state law by rejecting Petitioner's arguments on direct appeal. State courts, not federal courts on habeas review, are the final arbiters of state law. *See Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997) ("state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters."); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus.").

## IV. Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Griffen must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Griffen has not made the requisite showing in these circumstances.

Because Griffen is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.    The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Jerry Griffen is **DENIED**, and this case is dismissed with prejudice.

2.    Griffen is **DENIED** a certificate of appealability.

3.    The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Orlando, Florida on June _1st_, 2018.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties
SA: OrlP-4